# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-088-JDR

UNITED STATES OF AMERICA,

            *Plaintiff*,

*versus*

DANIEL ALLEN ASH; AMBER DAWN MURPHY,

           *Defendants*.

## OPINION AND ORDER

On September 11, 2024, Defendants Daniel Allen Ash and Amber Dawn Murphy drove their two-year old child MV1 to a hospital. The hospital staff attempted to resuscitate MV1, but he died not long after arriving. Quapaw Nation law enforcement officers arrested both Mr. Ash and Ms. Murphy on tribal charges and took their three remaining children, MV2, MV3, and MV4, into protective custody. Mr. Ash and Ms. Murphy were each charged in a superseding indictment with one count of second-degree murder in Indian Country and four counts of child neglect in Indian Country based on their alleged failure to provide adequate nurturance, food, sanitation, hygiene, care, supervision, and appropriate caretakers to protect the victims from harm, among other things.[1] Dkt. 43. Mr. Murphy was also charged with aggravated sexual abuse of a minor in Indian Country (count 6) and possession of child pornography in Indian Country (count 12). Mr. Ash moved to

---

[1] Mr. Ash is charged with second-degree murder in count 1, and child neglect in counts 2 through 5. Ms. Murphy is charged with second-degree murder in count 7, and child neglect in counts 8 through 11. Dkt. 43.

sever counts 6 and 12, arguing that those counts are unrelated to the others, do not involve Ms. Murphy, and are misjoined under Rule 8(b) of the Federal Rules of Criminal Procedure. Dkt. 56 at 1. The Court disagrees and denies the motion.

Rule 8 of the Federal Rules of Criminal Procedure permits the Government to charge a defendant with two or more offenses in a single indictment so long as the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). An indictment may also set forth charges against two or more separate defendants so long as the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

When an indictment charges multiple defendants with multiple offenses, the propriety of joinder is evaluated under Rule 8(b).[2] That rule "embodies a preference . . . for joint trials of defendants who are indicted together" and is "construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Clark*, 717 F.3d 790, 817 (10th Cir. 2013) (citation and quotation marks omitted); *United States v. Hopkinson*, 631 F.2d 665, 668 (10th Cir. 1980). In non-conspiracy cases, joinder is "not conditioned . . . on all defendants' being charged in every count." *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009); *see* Fed. R. Crim. P. 8(b) (indicating that defendants "may be charged in one or more counts together or separately" and that "[a]ll defendants need not be charged in each count"). So long as the defendants are "alleged to have participated" in the same act or series of acts giving rise to an offense, joinder is proper. *E.g.,*

---

[2] *See United States v. DeLeon*, No. CR 15-4268 JB, 2017 WL 3054511, at *81 (D.N.M. June 30, 2017), *aff'd sub nom. United States v. Garcia*, 65 F.4th 1158 (10th Cir. 2023), *opinion withdrawn and superseded on reh'g in part*, 74 F.4th 1073 (10th Cir. 2023), and *aff'd sub nom. United States v. Garcia*, 74 F.4th 1073 (10th Cir. 2023).

No. 25-cr-088

*Caldwell*, 560 F.3d at 1212-13 (affirming joinder based on common threads and common evidence connecting charged offenses, even though the defendant was not charged with all fourteen counts); *United States v. Esch*, 832 F.2d 531, 537-38 (10th Cir. 1987) (finding joinder proper when eighteen of the nineteen counts named all three defendants in connection with the production of photographs, and the remaining count involved mailing those photographs).

 There can be no dispute that counts 1 through 5 and counts 7 through 11 should be joined together. The two Defendants are charged with participating in identical crimes causing identical harms. Specifically, both Mr. Ash and Ms. Murphy are charged with the murder of one of their children, MV1, in counts 1 and 7. They are also charged with the neglect of MV1 and their three surviving children in counts 2 through 5 and 8 through 11. The superseding indictment alleges that both parents neglected the same children during the same timeframe to bring about the same injuries. The indictment therefore establishes that Defendants "participated in . . . the same series of acts or transactions" that constitute the same offenses. Fed. R. Crim. P. 8(b). Those offenses should be tried together. Joinder of counts 1 through 5 and 8 through 11 is proper under Rule 8(b).

 Count 6 is properly joined with those counts, particularly counts 5 and 11. Count 6 charges Mr. Ash with sexually abusing MV4, the same minor child that he and Ms. Murphy allegedly failed to appropriately care for. Mr. Ash's alleged sexual abuse of his minor dependent child is similar in character to, connected with, and occurred during the same timeframe as his alleged failure to provide appropriate care for that same child.[3] *See United States v. Sells*, No. 22-cr-00427-02-SEH, 2024 WL 4256705, at *4 (N.D. Okla. Sept. 20, 2024) (finding joinder to be proper where the counts charged involved the

---

[3] *See* Dkt. 43 at 6-7 (alleging that MV4 was neglected from approximately October 2021 to September 2024 and was sexually abused between approximately December 2022 and September 2024).

3

abuse of the same minor victims during the same time period). And evidence that Ms. Murphy failed to prevent Mr. Ash from sexually abusing MV4 will bear on the government's claim that Ms. Murphy failed to adequately supervise and provide appropriate caretakers for that same victim. Given the overlap in offenses, events, and evidence, count 6 is properly joined with counts 1 through 5 and 7 through 11. *See Esch*, 832 F.2d at 538 ("Where the evidence overlaps, the offenses are similar and the operable events occurred within a relatively short span of time, joinder of defendants and offenses is proper.").

Count 12, which charges Mr. Ash with possessing child pornography, is also properly joined with the remaining counts. Although the identity of the victim depicted in the accused image is not established, Mr. Ash's possession of child pornography bears a sufficient nexus to the sexual abuse charged in count 6 to be tried with that count. *See United States v. Riccardi*, 258 F. Supp. 2d 1212, 1230 (D. Kan. 2003), *aff'd*, 405 F.3d 852 (10th Cir. 2005) (recognizing that the link between possession of child pornography and pedophilic behavior justified the joinder of counts alleging possession of child pornography and solicitation of a minor). The evidence associated with count 12 may also overlap with the evidence necessary to establish or corroborate testimony pertinent to count 6, particularly given MV4's claim that Mr. Ash exposed her to pornography. *See* Dkt. 57 at 5 (describing alleged abuse of MV4, which included showing MV4 pornographic materials). This overlap further supports the conclusion that the joinder of count 12 with the remaining counts is proper. *See Esch*, 832 F.2d at 538.

Mr. Ash argues that the Court should sever counts 6 and 12 from the remaining counts under Rule 14 of the Federal Rules of Criminal Procedure even if joinder were proper under Rule 8. He contends that severance is necessary to prevent undue prejudice at trial. Specifically, Mr. Ash argues that he will be "unable to call Ms. Murphy" as "a witness in his case" unless a severance is granted. Dkt. 56 at 7. Mr. Ash goes on to speculate on how and what Ms. Murphy would "likely" testify to if called as a witness in a case

No. 25-cr-088

involving only allegations of sexual abuse and possession of child pornography. *Id.* at 7-8.

Rule 14 provides that, when "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant," a court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). But a party seeking to establish prejudice under Rule 14 bears a heavy burden. *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993). He must do more than simply allege that cumulative allegations might potentially result in some prejudice. *See United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir. 1992); *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992) (holding that "the district court was not required to sever the counts simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant"). Instead, he must establish the existence of a "serious risk" that joinder would compromise the jury's verdict or compromise a specific trial right. *United States v. Yurek*, 925 F.3d 423, 436 (10th Cir. 2019).

Mr. Ash generally alleges that, if counts 6 and 12 are tried with the remaining counts, he will be deprived of his opportunity to present any evidence that Ms. Murphy may have with respect to those counts. Dkt. 56 at 7-8. But he offers nothing but speculation to demonstrate that (1) it is likely that Ms. Murphy would in fact testify at the severed trial, (2) her testimony would be significant to his defense, (3) her testimony would be exculpatory, (4) her testimony would not be impeached, or (5) he would be prejudiced by the absence of that testimony. *See United States v. Rudolph*, 152 F.4th at 1197, 1218 (10th Cir. 2025) (citing *United States v. McConnell*, 749 F.2d 1441, 1445 (10th Cir. 1984)) (setting forth factors to be considered when a defendant moves to sever based on a need for co-defendant's testimony). There are no affidavits or other documents indicating Ms. Murphy would testify in a severed trial, nor is there any reliable evidence about what Ms. Murphy would testify to. Mr. Ash's argument that Ms. Murphy *might* impugn MV4's credibility by

No. 25-cr-088

testifying that MV4 had "a history of fabricating stories" and "never disclosed the alleged sexual abuse" is simply insufficient to establish that he would be prejudiced by the continued joinder of counts 6 and 12 with the remaining counts. *Cf. Rudolph*, 152 F.4th at 1219-24 (affirming denial of motion to sever where the defendant failed to show that the co-defendant would testify or that her testimony would be exculpatory); *United States v. Pursley*, 577 F.3d 1204, 1216 (10th Cir. 2009) (affirming denial of motion to sever due to the absence of affidavits "validating Mr. Wardell's assertions—that is, expressing an intention to invoke their Fifth Amendment privilege in a joint trial, stating that they would testify in a severed trial, and identifying the exculpatory content of their testimony").

Mr. Ash has failed to show that he would be prejudiced if the twelve counts charged in the superseding indictment are tried together. And it would impair judicial economy to hold two trials involving overlapping defendants, witnesses, victims, and evidence, particularly given the number of criminal cases currently before this Court in the wake of *McGirt v. Oklahoma*, 591 U.S. 894 (2020). The burden associated with separate trials weighs heavily against severance, and Mr. Ash has provided no evidence of prejudice that would override that burden. Accordingly, the Court concludes that severance is not warranted in this case, and Mr. Ash's motion to sever under Rule 14 is denied.

DATED this 27th day of October 2025.

JOHN D. RUSSELL
*United States District Judge*